UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:11-CR-00073-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| DONALD JAMES REEDY, ) | |
| ) | |
| Defendant. ) | |

Before the court is Defendant's Motion to Suppress and Request for Franks Hearing (#28[1]). The government filed an opposition (#32), and Defendant filed a reply (#35).

**I.    Facts and Procedural History**

Defendant Donald James Reedy is charged in a four-count indictment with possession with intent to distribute a controlled substance, possession of firearms in further of a drug trafficking crime, felon in possession of a firearm, and possession with intent to distribute a controlled substance.  Reedy now moves to suppress evidence obtained during a search of his residence by the Reno Police Department ("RPD") on April 14, 2011, pursuant to a search warrant issued by the justice of the peace.

The RPD investigation involved a commercial burglary and the victim's attempt to recover

---

[1]Refers to court's docket entry number.

1  the stolen property, including a computer and two ATVs.  After notifying the police that he had
2  identified the persons in possession of the stolen property, the victim met with Reedy at a
3  laundromat to recover the items.  The victim gave Reedy $300 in exchange for the computer, and
4  they arranged to meet later regarding the ATVs at Reedy's residence.  The victim also informed
5  Reedy that the items were stolen property.

6        The victim later telephoned Reedy, who told the victim his residence was at 16 Chablis
7  Drive in Reno.  In conducting surveillance of the area, RPD officers saw a woman come out of the
8  residence, get into a maroon Jeep Grand Cherokee, drive around the block and park in front of 23
9  Chablis Drive, which RPD officers interpreted as counter-surveillance.  Cooperating with RPD, the
10 victim attempted to telephone Reedy but got no answer.  Almost immediately thereafter, he
11 received a call from a woman at telephone number 775-200-2602.  The victim indicated he was in
12 the area to purchase the ATVs, and the woman gave him directions to the residence.

13       With an RPD officer hidden in his backseat, the victim drove up to 16 Chablis Drive,
14 honked the horn, and was approached by a woman coming from a neighboring residence, who
15 asked if he was there for the ATVs.  RPD officers then revealed themselves and detained the
16 neighbor, identified as Barbara Deleon, and the woman in the Jeep Grand Cherokee, identified as
17 Valerie Bailor.  Deleon informed RPD that Reedy had called and asked her to give the ATVs to the
18 victim because he was unable to do so.  When RPD tried calling the number 775-200-2602, a
19 phone inside the Jeep starting ringing.  RPD officers also looked over the fence at 16 Chablis Drive
20 and saw at least one of the ATVs.

21       RPD then obtained a warrant to search the residence at 16 Chablis Drive and the Jeep Grand
22 Cherokee for the two stolen ATVs, the cell phone activated by dialing 775-200-2602, indicia of
23 ownership, and indicia of occupancy.  The warrant was based on the telephonic affidavit of RPD
24 officer Derek Jones, setting forth the facts discussed above, and was issued based on a finding of
25 probable cause that Reedy was in possession of stolen property, in violation of NRS § 205.275.
26

In searching the residence at 16 Chablis Drive, RPD located one of the stolen ATVs in the backyard and the other in the shed in the backyard.  While searching the interior of the residence for indicia of ownership and occupancy, RPD collected a Nevada DMV bill of sale form and a letter from Charter cable in Reedy's name and addressed to 16 Chablis Drive, a prescription bottle in Bailor's name located in the bedroom, and several items of drug paraphernalia, including numerous small clear plastic baggies commonly used for the sales of narcotics.  RPD also located a large safe in the bedroom, which smelled strongly of marijuana.  RPD seized the safe pending a warrant amendment and later recovered from the safe cash, controlled substances, firearms, drug paraphernalia, indicia of ownership in Reedy's name, and keys to the stolen ATVs.

Reedy now moves to suppress the evidence recovered from his residence on the basis that there was no probable cause to support the search warrant's inclusion of indicia of ownership and indicia of occupancy.  He further requests a *Franks* hearing on the basis that the telephonic search warrant affidavit contained material omissions, without which the lack of probable cause would have been apparent to the issuing magistrate.

**II.     Probable Cause for Indicia of Ownership and Occupancy**

In determining whether probable cause to issue a warrant exists, the court considers the totality of the circumstances.  *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc).  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 426 U.S. 213, 238 (1983).  Only a "fair probability" is required, "not certainty or even a preponderance of the evidence." *Gourde*, 440 F.3d at 1069.  Rather than conduct a *de novo* review of the sufficiency of a supporting affidavit, a reviewing court must give the magistrate's probable cause determination "'great deference'" and uphold that determination if supported by a "'substantial basis.'" *Gates*, 426 U.S. at 236 (citations omitted).

A search warrant covering authorizing the gathering of evidence of ownership and occupancy need not be limited to records connected with criminal activity. *United States v. McLaughlin*, 851 F.2d 283, 286 (9th Cir. 1988). "A search warrant may be used, not only to gather evidence of a criminal activity, but also to gather evidence of who controlled the premises suspected of connection with criminal acts." *Id.*

Reedy first contends that the search warrant should not have included indicia of ownership and occupancy because there was no question based on the information in the supporting affidavit that 16 Chablis Drive was in fact Reedy's residence. Construing this argument as a contention that the warrant was overbroad because searching for indicia of ownership and occupancy was unnecessary given the strength of the evidence already compiled, the court disagrees. Given the presence of two other persons at the residence, Reedy's absence, and the lack of direct evidence that Reedy in fact resided at 16 Chablis Drive, it was entirely reasonable for the RPD to request and the magistrate to authorize a search for more direct evidence of Reedy's ownership and occupancy to establish his control over the stolen property found there.

Reedy next contends that there was no probable cause for including indicia of ownership and occupancy in the warrant. Reedy argues that the supporting affidavit lacked any allegations that its inclusion was needed to prove any element of the crime charged, how it was tied to the crime of possession of stolen property, or its evidentiary value. Reedy further argues that the affidavit did not support a finding of probable cause that indicia of ownership or occupancy would be located in the residence. The court disagrees. Considering the totality of the evidence included in the affidavit, the court concludes that the magistrate judge plainly had a substantial basis for concluding that there was a fair probability that Reedy resided at 16 Chablis Drive and that evidence of ownership and occupancy would be found inside, thereby tending to establish control over the stolen property found on the premises and thus a connection to the suspected criminal activity of possession of stolen property.

### III.    *Franks* Hearing

Reedy next requests a *Franks* hearing, contending that the search warrant affidavit contained material omissions, without which the lack of probable cause would have been apparent to the issuing magistrate. *See Franks v. Delaware*, 438 U.S. 154 (1978). "A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

Reedy's motion is based on three allegedly misleading omissions: (1) the police officers personally knew both ATVs were in the backyard at 16 Chablis Drive, (2) they knew the cell phone was in the Jeep Cherokee, and (3) they knew there was absolutely no question of occupancy or ownership. (Motion (#28), p. 7.) After thoroughly reviewing the transcript of the telephonic search warrant affidavit, the court disagrees that any misleading omission occurred.

First, Officer Jones specifically testified that an officer looked over the fence and saw one ATV in the backyard, and he believed that the other would be located on the property as well. (Transcript (#28-2), p. 8.) The magistrate was also informed that Reedy told the victim the ATVs were at his residence, that the woman on the phone directed the victim to the residence to get the ATVs, and that the neighbor mentioned the ATVs in approaching the victim and stated to police that Reedy asked her to handle the transfer.

Second, the magistrate was also specifically informed that the officers called the cell phone in question and contemporaneously witnessed a cell phone start to ring inside the Jeep Cherokee. (*Id.*)

Third, as discussed above, the magistrate was thoroughly informed about the evidence obtained tending to establish that 16 Chablis Drive was in fact Reedy's residence. Having provided

5

the facts underlying the belief that Reedy resided there, the failure to quantify the strength of the officers' belief is not a material omission.

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress and Request for Franks Hearing (#28) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE